IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:11-CV-65-FL

| | |
|---|---|
| BONNILYN A. MASCIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-16 & 22). The time for filing any responses or replies has expired, and, therefore, these motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), these motions have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-16) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 17, 2005, alleging that she became unable to work on March 15, 2005. (Tr. 22). This application was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not

1

disabled in a decision dated March 17, 2008. *Id.* at 22-31. Plaintiff appealed this decision, and, ultimately, this Court remanded the matter to Defendant for further administrative proceedings. Mascio v. Astrue, 2:09-CV-48-BO, (DE's-16 & 17). Upon remand, another ALJ again determined that Plaintiff was not disabled in a decision dated March 11, 2011. *Id.* at 485-498. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on July 6, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 471-473. Plaintiff filed the instant action on November 30, 2011. (DE-7).

During the pendency of her first appeal before this Court, Plaintiff filed a second application for benefits, and was found disabled as of December 1, 2009. (Tr. 488). Accordingly, the question before the undersigned is whether Plaintiff was disabled from March 15, 2005 through December 1, 2009.

**<u>Standard of Review</u>**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
>
> 42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 15, 2005.

3

(Tr. 490). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) degenerative disc disease; 2) carpal tunnel syndrome; 3) adjustment disorder; and 4) a history of substance abuse. *Id.* at 491. However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id*. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. *Id.* at 492.

The ALJ then determined that Plaintiff was unable to perform any of her past relevant work. *Id.* at 496. However, based on the testimony of a vocational expert ("VE"), the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id*. at 497. Accordingly, the ALJ determined that Plaintiff was not under a disability from March 15, 2005 through December 1, 2009. *Id.* at 498.

The ALJ's findings were accompanied by a thorough review and assessment of the entire record. This "assessment . . . provides a backdrop for the ALJ's evaluation[s] . . . and provides insight into [them]." Worden v. Astrue, 2012 WL 2919923, *5 (E.D.N.C. May 29, 2012), *Report and Recommendation Adopted by*, Worden v. Astrue, 2012 WL 2920289 (E.D.N.C. July 17, 2012). Moreover, the undersigned has reviewed the entire record and finds that the ALJ's determinations were supported by substantial evidence, which shall now be summarized.

An assessment of Plaintiff's RFC indicated that Plaintiff was capable of: 1) occasionally lifting 50 pounds; 2) frequently lifting 25 pounds; and 3) standing, walking or sitting about six hours in an eight hour workday. *Id.* at 240.

On January 23, 2006, Plaintiff underwent back surgery. *Id.* at 250. Following the surgery it was noted that "she had resolution of her preoperative radicular symptomatology." *Id.*

During several post-surgical examinations, Plaintiff had full muscle strength. *Id.* at

4

262-265. After a February 16, 2006 examination, Dr. B. Joe Ordonez opined that Plaintiff was "doing well" with regard to her back. *Id*. at 265. Plaintiff reported that she was "doing fairly well" on April 12, 2006. *Id.* at 264. Dr. Ordonez noted on June 7, 2006 that Plaintiff denied most symptomatology. *Id.* at 262.

A March 29, 2006 MRI of Plaintiff's cervical spine revealed a mild to moderate degree of degenerative changes. *Id*. at 287. A small disc bulge was noted at C5-6. *Id*. No compromise of the central canal or nerve roots was identified. *Id*.

On June 28, 2006, Plaintiff informed a medical care provider that the last time she had used cocaine or marijuana was "a couple of years ago." *Id*. at 283. Upon examination, Plaintiff had full motor strength and a normal gait. *Id*. at 284. Plaintiff was independent in her activities of daily living. *Id*. at 283.

Plaintiff tested positive for marijuana after a random urine screen during a July 24, 2006 examination. *Id.* at 281. Accordingly, Dr. Theodore Nicholas stated that he would no longer prescribe narcotic medications to Plaintiff. *Id.*

In October, 2008, Plaintiff was imprisoned for 10 months for selling narcotic pain medication. *Id*. at 496, 581-582.

Plaintiff's argument relies primarily on the contention that the ALJ improperly weighed the evidence. Specifically, Plaintiff argues that: 1) the ALJ erred in assessing Plaintiff's credibility; 2) the ALJ improperly assessed Plaintiff's RFC; 3) the ALJ presented an improper hypothetical to the VE; and 4) the testimony of the VE was insufficient to meet Defendant's burden of proof (DE-17, pg. 7-13). Each of these allegations is without merit.

First, in support of these arguments, Plaintiff abundantly cites to case law that is not binding in this Court, and conversely, rarely cites Fourth Circuit precedent. Regardless, the

record contains ample evidence for finding Plaintiff less than credible, including, *inter alia*, the fact that she was convicted of selling her pain medication. *Id.* at 496, 581-582. Likewise, the ALJ's RFC determination was supported by substantial evidence, which, in turn, resulted in an appropriate hypothetical being presented to the VE. See, France v. Apfel, 87 F. Supp. 2d 484, 490 (D. Md. March 13, 2000)( The ALJ is required only to "pose those [hypothetical questions] that are based on substantial evidence and accurately reflect the plaintiff's limitations . . .."). Moreover, Plaintiff mischaracterizes the ALJ's decision, in that a portion of her argument focuses on a bold section header contained in that decision while effectively ignoring several pages of summary and analysis. Finally, the VE's testimony was sufficient to meet Defendant's burden of proof. *See*, Walls v. Barnhart, 296 F.3d 287, 291-292 (4th Cir. 2002).

This Court must uphold Defendant's final decision if it is supported by substantial evidence. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, her claims are without merit.

6

Case 2:11-cv-00065-FL   Document 24   Filed 10/23/12   Page 6 of 7

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-16) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, October 23, 2012.

*/s/ William A. Webb*
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE