IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 2:11-CV-65-FL

| | | |
|---|---|---|
| BONNIYLN A. MASCIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 16, 22).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb, issued memorandum and recommendation ("M&R") recommending that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 17, 2005, alleging that she became unable to work on March 15, 2005. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision dated March 17, 2008. Plaintiff filed complaint in the Eastern

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

District of North Carolina on September 24, 2009, for review of the administrative decision. Upon motion of defendant, the case was remanded for further administrative proceedings. See Mascio v. Astrue, 2:09-CV-48-BO (DE 16, 17).

During the pendency of the above appeal, plaintiff filed a second application for benefits and was found to be disabled beginning on December 1, 2009, thus narrowing the relevant question to whether plaintiff was disabled from March 15, 2005, to December 1, 2009. Upon remand, a second ALJ found plaintiff was not disabled during the relevant time period in a decision dated March 11, 2011. On July 6, 2011, the Appeals Council denied plaintiff's request for review. Plaintiff filed complaint in this court on November 30, 2011, for review of the final administrative decision.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and

2

recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease ("DDD"), carpal tunnel syndrome, adjustment disorder, and a history of substance abuse. However, at step three, the ALJ

3

further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. The ALJ determined that plaintiff could not perform her past relevant work, but that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period.

B.   Analysis

Plaintiff raises four objections to the M&R. Specifically, plaintiff argues that: (1) the ALJ erred by deciding plaintiff's RFC before assessing her credibility; (2) the ALJ erred by not conducting a function-by-function analysis in determining her RFC; (3) the hypothetical the ALJ presented to the vocational expert ("VE") was improper; and (4) the ALJ improperly determined her credibility. Upon *de novo* review of plaintiff's objections, the court concludes that plaintiff's objections should be overruled.

1.   The Order of the ALJ's Credibility and RFC Determinations

Plaintiff first objects to the recommendation in the M&R as she contends that the ALJ improperly used language indicating he determined plaintiff's RFC before considering her credibility. Plaintiff refers to standard template language, commonly used by the Social Security Administration ("SSA"), wherein the ALJ stated that "the claimant's statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the above functional capacity assessment."

4

In support of her argument, plaintiff cites to the Seventh Circuit decision, Bjornson v. Astrue, 671 F.3d 640 (7th Cir.2012) in which the same template language was criticized. The Seventh Circuit stated that:

> One problem with the boilerplate is that the assessment of the claimant's "residual functional capacity" (the bureaucratic term for ability to work) comes later in the administrative law judge's opinion, not "above"—above is just the foreshadowed conclusion of that later assessment. A deeper problem is that the assessment of a claimant's ability to work will often (and in the present case) depend heavily on the credibility of her statements concerning the "intensity, persistence and limiting effects" of her symptoms, but the passage implies that ability to work is determined first and is then used to determine the claimant's credibility. That gets things backwards.

Id. at 645. While Bjornson is not binding on this court, it also does not stand for the proposition that use of this template language necessitates remand.

As the government notes, the Bjornson court's critique of the template language as poorly worded was not the basis upon which it required remand. The Bjornson court remanded because it held that "the administrative law judge's opinion failed to build a bridge between the medical evidence (along with Bjornson's testimony, which seems to have been fully consistent with that evidence) and the conclusion that she is able to work full time in a sedentary occupation provided that she can alternate sitting and standing." Id. at 649.[2] Thus the ALJ's use of this language is not an error, does not require remand, and plaintiff's first objection shall be overruled.

---

[2] All three of the cases cited by plaintiff as standing for the proposition that Bjornson requires remand because of use of the template language at issue stand for no such proposition. Rather, they all hold that use of the "boilerplate language, *without more*, is unacceptable, as it fails to inform this Court in a meaningful way of the specific evidence the ALJ considered in assessing credibility." Lawson v. Astrue, 2012 WL 1664248, at *13 (N.D. Ill. May 8, 2012). See also Filus v. Astrue, 694 F.3d 863, 868 (7th Cir. 2012) (Noting the template language is insufficient and confusing but stating that "[i]f the ALJ has otherwise explained his conclusion adequately, the inclusion of this language can be harmless."); Pena v. Astrue, 2012 WL 638760, at *7 (N.D. Ill. Feb. 27, 2012) (same).

5

2.  The ALJ's RFC Analysis

Plaintiff's second objection to the recommendation in the M&R is based on her contention that the ALJ erred because he did not conduct a function-by-function analysis, but expressed her RFC solely in terms of her exertional capacity. Pursuant to Social Security Ruling ("SSR") 96-8p, an ALJ is supposed to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis," before expressing RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Although the Fourth Circuit does not appear to have addressed this question, courts within our circuit have held that "SSR 96–8p does not require an ALJ to produce a detailed statement in writing—a true 'function-by-function' analysis," and that "a narrative discussion of a claimant's symptoms and medical source opinions is sufficient" Mills v. Astrue, 2:11-CV-65, 2012 WL 2030093, at *16 (N.D.W. Va. Apr. 9, 2012) (citing Knox v. Astrue, 327 F. App'x 652, 657 (7th Cir. 2009)). See also Anderson v. Astrue, 3:10-CV-583, 2011 WL 3585390, at *5 (E.D. Va. July 28, 2011) ("SSR 96–8p requires that an ALJ's RFC determination must address the exertional limitations, but written articulation of such limitations is not required . . . .").

Alternatively, another court in our circuit considering this question found that a failure to articulate a function-by-function analysis is harmless error "where the ALJ's 'ultimate finding is supported by substantial evidence in the record.'" Lusk v. Astrue, No. 1:11-CV-00196-MR, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013) (quoting Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000)).

Under either standard, remand is not necessary. First, the ALJ engaged in a four page

narrative discussion of plaintiff's symptoms and medical source opinions. (Tr. 492-96). Second, the ALJ's RFC finding is supported by the findings of State Agency physicians Dr. Burt and Dr. Cohen, who found plaintiff was capable of medium and light work, respectively. (Tr. 246, 323-330) These opinions are from "acceptable medical sources." See 20 C.F.R. §§ 404.1527(a)(2) and 404.967(a)(2). Thus, substantial evidence supported the ALJ's RFC assessment, and if the ALJ's failure to explicitly discuss a function-by-function analysis was error was harmless error. Therefore, plaintiff's second objection will be overruled.

   3.  The Hypothetical Posed to the VE

Third, Plaintiff's objects to the recommendation in the M&R where she argues that the ALJ erred by failing to include in his hypothetical to the VE any reference to his finding that plaintiff had moderate limitations in concentration, persistence, or pace. Questions posed to a VE should be based upon a consideration of all relevant record evidence, and fairly set out all of a claimant's impairments. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). However, an ALJ "has great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." Koonce v. Apfel, 166 F.3d 1209, 1999 WL 7864, at *5 (4th Cir. Jan 11, 1999) (unpublished table decision)

In this case, the ALJ found that plaintiff had a moderate limitation in concentration, persistence, or pace at step three of the five-step sequential evaluation when considering whether plaintiff's had an impairment that equaled or exceeded in severity an impairment listed in 20 C.F.R. Pt. 404 Subpt. P, App 1. He then noted that the analysis performed was not an RFC assessment and that the RFC assessment made accounted for the limitations found in the third step of his analysis.

7

See Grubby v. Astrue, 2010 WL 5553677 at *13 (W.D.N.C. Nov. 18, 2010) (assessment of a claimant's RFC must translate prior findings of mental limitation into specific work-related limitations).

In light of plaintiff's mental limitations, the ALJ found that plaintiff was limited to unskilled work. See Noah v. Colvin, 1:09-CV-346, 2013 WL 2596329, at *4-5 (M.D.N.C. June 11, 2013) (ALJ did not err in finding that plaintiff's moderate difficulties with concentration, persistence, or pace meant she was limited to unskilled work and such decision was supported by substantial evidence). Thus, the VE's response to the ALJ's hypothetical – in which the VE specifically noted the requirement that work be unskilled – properly accounted for the limitations found by the ALJ at step three of the sequential analysis. See Collins v. Astrue, 1:10-CV-189, 2011 WL 6440299, at *7 (W.D.N.C. Dec. 21, 2011) (no error where the ALJ translated mental limitation findings into work-related restrictions in his hypothetical to the VE). Accordingly, plaintiff's third objection shall be overruled.

  4.  The ALJ's Credibility Determination

Finally, plaintiff objects to the recommendation in the M&R, maintaining that the ALJ improperly determined her credibility with respect to her complaints of pain raising evidence in support of pain complained of. "The determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, the ALJ must determine whether the plaintiff has a medical impairment "which could reasonably expected to produce the pain or other symptoms alleged." Id. (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). If this threshold question is satisfied, then the ALJ evaluates the actual intensity and

persistence of the plaintiff's pain or other symptoms, and the extent to which it affects her ability to work. Id. at 595. At this second step, the ALJ considers "not only the claimant's statements about her pain, but also 'all [of] the available evidence,' including . . . evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." Id. (quoting 20 C.F.R. §§ 416.929(c)(2), 404.1529(c)(2)). A plaintiff's allegations of pain and other symptoms "need not be accepted to the extent they are inconsistent with the available evidence," based on a consideration of the entire case record. Id.; see SSR 96-7p.

In this case, the ALJ considered plaintiff's subjective complaints associated with her impairments, and found first that plaintiff had medically determinable impairments which reasonably could be expected to cause some of the alleged symptoms. (Tr. 495). At the second step, however, the ALJ found that plaintiff's statements as to the extent of her pain were not credible where she had been noncompliant with treatment for her allegedly debilitating pain, used illicit drugs, made untruthful statements to treatment providers regarding such drug usage, and had not previously complained of drug side effects now asserted to affect her ability to perform tasks. Thus, sufficient evidence supported the ALJ's credibility determination. See SSR 96-7p (A claimant's statements "may be less credible if the level or frequency of treatment is inconsistent with the level of complaints."); Brannon v. Astrue, CA 1:11-1568-SVH, 2012 WL 3842572, at *11 (D.S.C. Sept. 4, 2012) (ALJ properly considered plaintiff's drug abuse, attempt to defraud a drug test, and shoplifting in finding her credibility injured).

Plaintiff essentially asks the court to re-weigh certain evidence in the record to come to a different conclusion than the ALJ. However, that is not the court's role. See Mastro v. Apfel, 270

9

F.3d 171, 176 (4th Cir. 2001) ("[i]n reviewing and ALJ's finding for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary") (citing Craig, 76 F.3d at 589). Accordingly, plaintiff's fourth objection will be overruled.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge, DENIES plaintiff's motion for judgment on the pleadings (DE 16), GRANTS defendant's motion for judgment on the pleadings (DE 22), and AFFIRMS the final decision by defendant. The clerk is DIRECTED to close this case.

SO ORDERED this the 1st day of July, 2013.

LOUISE W. FLANAGAN
United States District Judge